IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FLEET RENTS, LLC,<br><br>               Debtor. | )<br>)  Chapter 11<br>)  Subchapter V<br>)<br>)  Case No. 25-11605 (pmm)<br>)<br>) |

**INTERIM ORDER AUTHORIZING THE DEBTOR-IN-POSSESSION
TO USE CASH COLLATERAL AND GRANTING RELATED RELIEF**

Upon review of the motion (the "**Motion**")[1] of Fleet Rents, LLC ("**Debtor**") debtor and debtor-in-possession in the above-captioned case, for entry of an order, pursuant to sections 105, 361 and 363 of title 11 of the U.S. Code (the "**Bankruptcy Code**") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtor to use cash collateral to fund the Debtor's post-petition business operations; and it appearing that no other or further notice need be provided; and upon the record therein, including, without limitation, the Cherone Declaration; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estates, their creditors and other parties in interest, and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

    1.       The Motion is GRANTED, on an interim basis, as set forth herein.

    2.       The Debtor is permitted to use Cash Collateral in accordance with the budget attached to this Order as <u>Exhibit A</u> (the "**Interim Budget**") provided, however, the Debtor may exceed the disbursements set forth in the Interim Budget up to an amount of ten percent (10%) in the aggregate, without further order of this Court.

---

[1] Capitalized terms used but not otherwise defined shall have the meanings set forth in the Motion.

3. The secured creditors are granted, as assurance of adequate protection and solely to the extent there is diminution in value of the pre-petition collateral which is a result of, or arises from, or is attributable to, the imposition of the automatic stay, or the use, sale or lease of such pre-petition collateral, replacement liens in post-petition assets acquired using the Cash Collateral to the same extent and priority as existed pre-petition.

4. The Debtor is permitted to continue making its regular monthly payments to the secured creditors under its loans.

5. Upon the record presented to the Court at the Interim Hearing held on April 30, 2025, and under the exigent circumstances set forth therein, requisite notice of the Motion and the relief requested thereby and this Interim Order has been provided in accordance with Bankruptcy Rules 4001(b) and 4001(c)(l) to (a) the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"); (b) the entities listed on List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the Internal Revenue Service; (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002, and the entry of the Interim Order; and no further notice of, or hearing on, the entry of this Interim Order is necessary or required. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied.

6. Notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. The Debtor is authorized to take such actions as may be necessary and appropriate to implement the terms of this Order.

8. This Court shall retain jurisdiction to hear and consider all disputes arising from the interpretation or implementation of this Order.

9. Any objection to the granting of the relief requested by the Motion on a final basis shall be filed with the Court and served on or before **May 15, 2025** by **4:00 p.m.** Eastern Time (the "**Objection Deadline**") upon: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) counsel for Debtor, Gellert Seitz Busenkell & Brown, LLC, , 901 Market Street, Suite 3020, Philadelphia, PA 19107 (Attn: Holly S. Miller); and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.

10. A final hearing on the Motion (the "**Final Hearing**") will be held on **June 4, 2025 at 9:30 a.m.** **(ET)** via Zoom

https://www.zoomgov.com/j/1602365649?pwd=CPl95IuolLFU6zZH2zL9avxskpQj83.1

Meeting ID: 160 236 5649

Passcode: 838103

Date:  4/30/25

_Patricia M. Mayer_
_____
PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE